Filed 8/18/15  P. v. Rogers CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061185 |
| v. | (Super.Ct.No. CR63314) |
| ROY EPHRAIM ROGERS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Reversed and remanded with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Roy Ephraim Rogers appeals from an order denying his

motion for reconsideration of the denial of his petition to recall his life sentence under

1

the Three Strikes Reform Act of 2012, added by Proposition 36 (as approved by voters, Gen. Elec. (Nov. 6, 2012)) (the Reform Act). (Pen. Code, § 1170.126.)[1] On appeal, defendant argues that the Reform Act allows a defendant with multiple three strike sentences to seek resentencing as to some but not all of those sentences. Based on our Supreme Court's recent decision in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), we agree with defendant and remand the matter to the trial court for a further hearing pursuant to section 1170.126.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

A police officer responding to a burglary call was looking for a suspect when he spotted defendant walking down a street carrying a weedeater, an electric hedge trimmer, and an extension cord. The officer stopped defendant and arrested him for being under the influence of a controlled substance. After waiving his constitutional rights,[3] defendant admitted that he had stolen the items he was carrying from a shed. Defendant also admitted he had attempted three other burglaries that same morning.

On January 10, 1996, a jury found defendant guilty of one count of first degree attempted burglary (§§ 664/459; count 1); two counts of second degree attempted

---

[1] All future statutory references are to the Penal Code, unless otherwise stated.

[2] A summary of the factual background is taken from this court's unpublished opinion in defendant's prior appeal, case No. E017775. (See *People v. Rogers* (Mar. 17, 1997, E017775) [nonpub. opn.], at pp. 2-3.)

[3] *Miranda* v. *Arizona* (1966) 384 U.S. 436.

2

burglary (§ 459; counts 2 and 4); one count of second degree burglary (§§ 664/459; count 3); and one count of misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a); count 5). The jury subsequently found true that defendant had suffered two prior prison terms (§ 667.5, subd. (b)), two prior serious felony convictions (§ 667, subd. (a)), and two prior serious or violent felony convictions, to wit, a 1991 and a 1992 first degree burglary conviction (§§ 667, subd. (c) & (e)(2) & 1170.12, subd. (c)).

On February 8, 1996, the trial court sentenced defendant to a total prison term of 110 years to life with credit for time served as follows: 25 years to life for counts 1 through 4, plus five years each for the prior serious felony convictions. The trial court struck the sentence for the prior prison term enhancements.

On November 6, 2012, the electorate passed Proposition 36, also known as the Reform Act, which went into effect the next day. It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where the third strike offense is a serious or violent felony or the prosecution pleads and proves an enumerated triggering factor. (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2).)

The Reform Act also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the Three Strikes law "whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Such a person may file a petition to recall his or her sentence and be resentenced as a second strike offender. (§ 1170.126,

3

subd. (b).) Essentially, an inmate is eligible for such resentencing if his or her commitment offense is not a serious or violent felony and none of the factors that would trigger a third strike sentence under the Three Strikes law as reformed by the Reform Act applies. (§ 1170.126, subd. (e).) Resentencing of qualified inmates may nonetheless be refused if the trial court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

On December 14, 2012, defendant, in pro. per., filed a 49-page petition to recall his sentence and to be resentenced under section 1170.126. On December 21, 2012, the trial court denied defendant's petition, finding defendant ineligible for resentencing under section 1170.126.

On December 18, 2013, defendant, in pro. per., filed a petition for writ of mandate in this court, arguing the trial court erred in finding him ineligible for resentencing under section 1170.126.[4] On December 26, 2013, this court summarily denied defendant's writ petition.

On December 20, 2013, defendant filed a petition for writ of mandate/petition to recall his sentence pursuant to section 1170.126 in the trial court. On December 24, 2013, the trial court denied defendant's petition, noting "the defendant's petition was previously denied."

---

[4] The People have requested that we take judicial notice of all records filed in this court in case No. E060212, in particular defendant's petition for writ of mandate filed on December 18, 2013, and this court's summary denial of that writ filed on December 26, 2013. Pursuant to Evidence Code sections 452, subdivision (d), and 459, the People's request is granted.

On April 24, 2014, on defendant's behalf, the public defender's office filed a motion for reconsideration in support of defendant's petition for recall of sentence with points and authorities. The trial court heard the motion for reconsideration on May 5, 2014. Following argument, the trial court denied the motion. This appeal followed.[5]

II

DISCUSSION

Defendant concedes that he is ineligible for resentencing on his conviction for attempted first degree burglary, which is a serious felony under section 1192.7, subdivision (c)(18). (§ 1170.126, subd. (e)(1) [an inmate is eligible for resentencing if he or she "is serving an indeterminate term of life imprisonment imposed [under the Three Strikes law] for a conviction of a felony or felonies that are *not defined as serious* and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7"], italics added.) He contends, however, that he is eligible for resentencing on his convictions for attempted second degree burglary and receiving stolen property because those offenses are not defined as serious or violent felonies.

He argues that the language of section 1170.126 and the intent of the Reform Act, as well as common sense, are consistent with a conclusion that an inmate is eligible for resentencing on nonserious, nonviolent commitment offenses, notwithstanding

---

[5] In *Teal v. Superior Court* (2014) 60 Cal.4th 595, our Supreme Court concluded that a ruling on a section 1170.126 petition is appealable, which lays the first argument raised by the People to rest. We also reject the People's second argument that defendant's claim is procedurally barred as successive, and will address defendant's claims on its merit.

ineligibility on the other third strike term. The People concede that defendant's convictions for attempted second degree burglary and receiving stolen property are nonserious and nonviolent offenses, but maintain defendant is ineligible under the statutory interpretation of the Reform Act due to his serious conviction for attempted first degree burglary.

Based on the conclusion recently reached by our Supreme Court in *Johnson*, we agree with defendant and remand the matter.

Resolving the exact issue raised in this appeal, on July 2, 2015, our Supreme Court in *Johnson* concluded: "In sum, section 1170.126 is ambiguous as to whether a current offense that is serious or violent disqualifies an inmate from resentencing with respect to another count that is neither serious nor violent. Considering section 1170.126 in the context of the history of sentencing under the Three Strikes law and Proposition 36's amendments to the sentencing provisions, and construing it in accordance with the legislative history, we conclude that resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent. Because an inmate who is serving an indeterminate life term for a felony that is serious or violent will not be released on parole until the Board of Parole Hearings concludes he or she is not a threat to the public safety, resentencing with respect to another offense that is neither serious nor violent does not benefit an inmate who remains dangerous. Reducing the inmate's base term by reducing the sentence imposed for an offense that is neither serious nor violent will result only in earlier consideration for

6

parole. If the Board of Parole Hearings determines that the inmate is not a threat to the public safety, the reduction in the base term and the resultant earlier parole date will make room for dangerous felons and save funds that would otherwise be spent incarcerating an inmate who has served a sentence that fits the crime and who is no longer dangerous." (*Johnson*, *supra*, 61 Cal.4th 674.)

A decision of the California Supreme Court is controlling authority and must be followed by lower courts. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we remand the matter to the trial court for a hearing on defendant's petition to recall his sentence and for resentencing.

III

DISPOSITION

The trial court's order denying defendant's motion for reconsideration of the denial of his petition to recall his life sentence under the Reform Act is reversed. The matter is remanded for a hearing on defendant's petition to recall his sentence.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ    
P. J.

We concur:


MILLER    
J.


CODRINGTON  
J.

7